UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA *ex rel*., MICHAEL TERPENING,

Plaintiff,

v.

SANTE HEALTH SYSTEM, INC., SANTE HEALTH FOUNDATION, CENTRAL CALIFORNA FACULTY MEDICAL GROUP, GRANT NAKAMURA, and MICHAEL SYNN,

Defendants,

Case No. 1:19-cv-01699-JLT-HBK

ORDER SETTING INTERIM DISCOVERY AND DEPOSITION PROTOCOLS

On July 29, 2026, the Court held an informal discovery dispute hearing in this action with Relator Michael Terpening and Defendants Santé Health System, Inc., Santé Health Foundation, Central California Faculty Medical Group, Grant Nakamura, M.D. and Michael Synn, M.D. (Doc. 94). This qui tam action involves a document production of approximately 1.8 million pages produced on July 1, 2026, unilateral noticing of three key witness depositions for September, and the parties' expectation that 10–12 additional non-expert depositions will be required, at least one additional smaller document production, and a nonexpert discovery cutoff of April 9, 2027.

Having considered the parties' positions and the needs of the case, and pursuant to the Court's authority to control and schedule discovery under Rule 16 and Rules 26–37 of the Federal Rules of Civil Procedure, the Court now sets the following interim protocols to facilitate orderly, efficient, and fair completion of non-expert discovery by the current nonexpert discovery cutoff.

**Key Witness Depositions**

1. The three key witness depositions will proceed in person on consecutive days between October 26 and October 29, 2026, with two of the depositions to be held on October 27 and October 28, 2026, and the third deposition to be held on either October 26 or October 29, 2026, as confirmed by the parties.
2. Each key witness deposition will be limited to one day of seven hours of examination on the record, consistent with Rule 30(d)(1), unless otherwise ordered for good cause.
3. Examination time will be allocated as follows: the Relator will examine first for up to four hours, followed by the Defendants' examination for up to three hours. Counsel are expected to use this time efficiently and cooperatively and to avoid duplicative questioning.

**Document Production Protocols**

4. To reduce the risk that deposition dates will be undermined by late production of critical materials, the parties must substantially complete the production of documents central to the claims and defenses no later than 45 days from the date of this Order, absent good cause shown.
5. "Substantially complete" means that, as of that deadline, the producing party has produced the bulk of non-privileged, responsive documents reasonably identified through agreed or court-ordered search parameters, such that later productions will consist primarily of peripheral or follow-up materials rather than large sets of core documents.
6. The Court acknowledges that at least one additional, smaller production is anticipated; nothing in this Order prohibits reasonable, good-faith supplemental production consistent with Rule 26(e), provided that such production is not used to justify repeated rescheduling of properly noticed depositions.

**Phased Deposition Plan**

7. Within 21 days of the date of this Order, the parties must meet and confer and jointly develop a phased deposition plan for all remaining identified non-expert depositions.
8. The phased deposition plan need not be filed but must include:
   a. An agreed list of remaining non-expert deponents (beyond the three key witnesses), which the parties currently anticipate being approximately 10–12 depositions;
   b. A proposed sequence or grouping of deponents (for example, fact witnesses, Rule 30(b)(6) witnesses, third-party witnesses) with target months for each group;
   c. A schedule that is sufficient to complete all non-expert depositions, including the three key witnesses and the additional deponents, by the April 9, 2027 non-expert discovery deadline.
9. The phased plan should consider Rule 30's presumptive seven-hour limit per deposition, the need for coordination of Rule 30(b)(6) depositions if any are anticipated, and the parties' proportionality obligations under Rule 26(b)(1).

**Ongoing Status Reports**

10. Every 60 days from the date of this Order until the close of non-expert discovery, the parties must file a short joint status report (no more than five pages) addressing:
    a. Depositions completed since the prior report (identifying the deponent and date);
    b. Depositions currently scheduled (identifying the deponent and date);
    c. Remaining non-expert deponents yet to be scheduled; and
    d. Whether the parties continue to expect to complete non-expert discovery by April 9, 2027, and, if not, a concise explanation of specific obstacles encountered despite diligent efforts.
11. The status reports are intended to allow incremental course correction, not to invite repeated re-litigation of prior discovery rulings. Absent emergent issues, discovery disputes should be addressed through the Court's usual informal discovery procedures.

////

**Future Requests to Extend Discovery Cutoff**

12. The parties are advised that requests to extend the April 9, 2027 nonexpert discovery cutoff are disfavored. Any such request must:
    a. Demonstrate that the requesting party has substantially complied with this Order, including the document-production deadline, phased deposition plan, and status-report requirements;
    b. Show that, despite diligent and proportional efforts, the party could not complete necessary nonexpert discovery within the existing schedule; and
    c. Identify with specificity any discovery that remains outstanding and why it is essential.
    d. No party may move to modify the discovery cutoff or other deadlines in this Order without first certifying that it has complied with meet-and-confer requirements and describing the specific efforts undertaken to resolve the issue without court intervention.
13. The failure of a party to comply with these protocols, including failure to timely produce central documents, participate in the phased deposition plan, or file the joint status reports, may result in appropriate relief under Rules 16(f), 26, or 37 as warranted.

Dated: August 5, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE