**Walter W. Whelan, Esq. (SBN 106655)**
**WHELAN LAW GROUP, A Professional Corporation**
**1827 East Fir Avenue, Suite 110**
**Fresno, California 93720**
**Telephone: (559) 437-1079**
**Facsimile: (559) 437-1720**
**E-mail: walt@whelanlawgroup.com**

Attorneys for Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE, INC.), GRANT NAKAMURA, MD., and MICHAEL SYNN, MD.

**William R. Terpening, Esq. (NC Bar No. 36418)**
**TERPENING LAW PLLC**
**5950 Fairview Road, Suite 28210**
**Telephone: (980) 265-1700**
**Facsimile: (980) 265-1729**
**E-mail: terpening@terpeninglaw.com**

Attorney for Plaintiff MICHAEL TERPENING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. MICHAEL TERPENING<br><br>Plaintiff,<br><br>v.<br><br>SANTÉ HEALTH SYSTEM, INC.; SANTÉ HEALTH FOUNDATION; CENTRAL CALIFORNIA FACULTY MEDICAL GROUP; GRANT NAKAMURA; and MICHAEL SYNN;<br><br>Defendants, | Case No.: 1:19-cv-01699-JLT-HBK<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

Plaintiff UNITED STATES OF AMERICA, ex. rel. MICHAEL TERPENING ("Plaintiff") and Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH

FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP, GRANT NAKAMURA and MICHAEL SYNN ("Remaining Defendants") each referred to individually as a "Party" or collectively as the "Parties," stipulate and agree as follows:

1. **Scope and Applicability.** Certain documents including but not limited to those containing electronically stored information relevant to the above-captioned action may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party, and non-Party individuals' health information deemed private under state and federal law. Such information is referred to herein as "Confidential Information." The Parties may, however, produce certain Confidential Information for use in the above-captioned action subject to the terms of this Stipulated Confidentiality Order ("Order"). This Order is applicable to the Parties, any additional parties joined in this above-captioned action, and any third parties subject to this Order and/or otherwise agreeing to be bound by this Order.

2. **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production. Such designation shall be made at the time that copies are furnished to a Party conducting discovery, or when such documents are otherwise disclosed. The Parties acknowledge that the Remaining Defendants hereby designate as CONFIDENTIAL all records previously disclosed to the Department of Justice ("the Government") by the Remaining Defendants in response to Civil Investigation Demands.

A Party may only designate as "CONFIDENTIAL" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) confidential information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Protected Health Information, Patient Identifying Information, or other HIPAA-governed information.

A Party may only designate as "ATTORNEYS' EYES ONLY" any document or portion of a document, and any other thing, material, testimony, or other information, that it reasonably

and in good faith believes contains proprietary, business sensitive information, trade secrets, or is of such highly competitive or commercially sensitive proprietary and non-public information that would significantly harm business advantages of the producing or designating Party and that disclosure of such information could reasonably be expected to be detrimental to the producing or designating Party's interests.

The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 30 days of receipt of the deposition transcript by so stating in writing to opposing counsel. If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Following any deposition, the Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY" until the 30-day window for designation following receipt of the transcript has passed. This automatic ATTORNEYS' EYES ONLY designation does not apply, however, on or after 15 days before trial. Confidential Information shall not lose its character because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY."

3. **Use and Designation of Confidential Information in Deposition.** Documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition and marked as deposition exhibits. The Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Order to be present during the disclosure or use of designated documents or information, whether "CONFIDENTIAL" pursuant to Paragraph 9 or "ATTORNEYS' EYES ONLY" pursuant to Paragraph 10, as applicable, are those permitted pursuant to the terms of this Order to review the information or material sought to be used. Absent an agreement between the Parties, if all

persons present at the deposition are not permitted under this Order to review the information or material sought to be used, any person not so permitted shall leave the room during the period(s) in which the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4. **Use and Designation of Confidential Information at Hearing.** In advance of a hearing in this matter, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both Parties seek to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information at the hearing. Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, at a hearing in this lawsuit or in any other proceeding, subject to the court's determination of the admissibility of the documents or information.

5. **Protected Health Information.** Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR 160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this lawsuit or who may become of record in the future of this lawsuit. Without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this action, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information

under Paragraphs 2 and 3 above. The Parties, their attorneys, and the court shall not use or disclose information marked "CONFIDENTIAL" for any purpose other than this lawsuit.

6. **Specific Provisions Concerning Disclosure of PHI.** When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this lawsuit, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

7. **Non-Waiver of Privilege.** The production of documents and information shall not constitute a waiver in this lawsuit, or any other litigation, matter or proceeding, of any privilege (including, but not limited to, the attorney-client privilege, attorney work product privilege or common defense privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. The fact of production of privileged information or documents by any producing Party in this lawsuit shall not be used as a basis for arguing that a claim of privilege of any kind has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

8. **Challenges to Confidential Information.** Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of

any document or information as "Confidential" or "Attorneys' Eyes Only," the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within seven (7) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, within twenty-one (21) days of service of the written objection, the objecting Party may make a motion seeking to remove the confidentiality designation. The protection afforded by this Order shall continue until the court makes a decision on the motion. Failure of the objecting Party to file a motion within the 21-day period shall be deemed a waiver of that Party's objection to the confidentiality designation set forth in the written objection.

9. **Restrictions on Disclosure.** All Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by any Party in this lawsuit shall be subject to the following restrictions:

a. such documents, information, and things shall be used only for the purpose of this specific lawsuit and not for any other purpose whatsoever;

b. such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

c. no one except Qualified Persons identified in paragraph 11 shall be provided copies of any Confidential Information.

10. **Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** All Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this lawsuit shall be subject to the following restrictions:

a. such documents, information and things shall be used only for the purpose of this lawsuit and not for any other purpose whatsoever, including but not limited to any business purpose;

b. such documents, information and things shall not be shown or communicated to anyone other than Qualified Persons identified in paragraphs 11(a), 11(b), 11(c), 11(f), 11(h), and 11(i) below, which persons receiving Confidential Information designated as Attorneys' Eyes

Only shall not make further disclosure to anyone except as allowed by this Order;

c. such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 11(a), 11(b), 11(c) 11(f), 11(h), and 11(i) and only working copies shall be made of such documents; and

d. no one except Qualified Persons identified in paragraphs 11(a) 11(b), 11(c), 11(f), 11(h), and 11(i) shall be provided copies of any Confidential Information designated as Attorneys' Eyes Only.

11. **Qualified Persons**. "Qualified Persons" means:

a. the court presiding over this action, any judge with jurisdiction over any appeal of this action, including any authorized personnel of such court, and any mediator selected or agreed-upon by the Parties or assigned in connection with this action;

b. counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel);

c. in-house counsel for the Party who is responsible for overseeing and managing this lawsuit on behalf of the Party, whose access to Confidential Information is necessary for the purposes of preparation, discovery, hearings, mediation, appeal, settlement or administration of this lawsuit;

d. any present employee of a named Party to this lawsuit whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings for this lawsuit;

e. clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this lawsuit;

f. any past employee of a named Party to this lawsuit whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings for this lawsuit who executed attached Exhibit A;

g. third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings who executed attached Exhibit A;

h. court reporters and/or video equipment operators at deposition or hearing who executed attached Exhibit A;

i. witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation who executed attached Exhibit A; or

j. any other person by order after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further order who executed attached Exhibit A.

12. **Acknowledgment.** Any Qualified Person identified in Paragraph 11 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 11(a) - 11(e)) shall first be required to agree in writing to be bound by the terms of this Order in the attached Exhibit A. As to each person to whom any information contained in the Confidential Information is disclosed pursuant to the Order, such information may be used only for purposes of this lawsuit and may not be used for any other purpose.

13. **Subpoena or Other Demand for Production.** If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Party receiving the request for such materials shall: (a) within a reasonable time, no later than ten (10) days after counsel's receipt of such request or demand and prior to responding to the request or demand, notify counsel for the Party whose material is sought, in writing and by providing a copy of the request, subpoena or demand; (b) provide a reasonable time for the Party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested material; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested material without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so. The Parties must also otherwise comply with any applicable HIPAA rules or regulations with respect to any response or production in connection with a discovery request or subpoena.

14. **Conclusion of the lawsuit.** Upon conclusion of the lawsuit by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained Confidential Information or information claimed to be confidential shall either (1) assemble and return to the producing party all Confidential Information; or (2) destroy all such materials and notify the producing party that the destruction has been completed. No originals or copies of any

such Confidential Information will be retained by any person or entity to whom disclosure was made.

15. **Inadvertent Production Or Disclosure Of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" legend, or Attorneys' Eyes Only information, without the required or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Order, subject to the provisions in paragraph 8 regarding any challenges.

16. The restrictions and terms set forth in this Order shall not apply to documents or information, regardless of their designation, that are publicly available or that are obtained independently and under rightful means by the receiving Party.

17. This Order does not waive or prejudice the right of any Party or non-party to apply to the court of competent jurisdiction for any other or further relief or to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, and/or object to the admission of evidence at any hearing on any ground.

18. Entering into, agreeing to, and/or complying with the terms of the Order shall not operate as an admission by any Party that any particular document, testimony of information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information.

19. This Order may be modified or amended by order upon good cause shown. No oral waivers of the terms of this Order shall be permitted between the Parties.

20. **Future Orders.** Nothing in this Order shall prohibit the Parties from seeking an

order regarding the production or protection of documents referenced herein or other materials in the future.

**STIPULATED AND AGREED:**

DATED: June 12, 2026

TERPENING LAW PLLC

By William R. Terpening, Attorney for Plaintiff MICHAEL TERPENING

DATED: June 11, 2026

WHELAN LAW GROUP,
A Professional Corporation

By Walter W. Whelan, Attorney for Remaining Defendants, SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE), GRANT NAKAMURA, M.D., and MICHAEL SYNN, M.D.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2026.

Helena M. Barch-Kuchta,
U.S. Magistrate Judge

# EXHIBIT "A"

**EXHIBIT A TO STIPULATED CONFIDENTIALITY ORDER ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Order dated _______________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the court in matters relating to the Stipulated Confidentiality Order and understands that the terms of the Stipulated Confidentiality Order obligate him/her to use materials designated as Confidential in accordance with the Stipulated Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned further understands that he/she is to retain all copies of all documents or information marked pursuant to the Stipulated Confidentiality Order in a secure manner, and that all copies of such materials are to remain in his/her personal custody until termination of his/her participation in this lawsuit, whereupon the originals or any copies of such materials will be returned to counsel who provided him/her with such materials no later than 30 days after termination.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of ___________________, 20__, at ________________________[city], _____________________[state].

Dated: ______________________

Name: ______________________

Job Title: ______________________

Employer: ______________________

Address: ______________________

______________________

______________________________

Signature