Walter W. Whelan, Esq. (SBN 106655)
WHELAN LAW GROUP, A Professional Corporation
1827 East Fir Avenue, Suite 110
Fresno, California 93720
Telephone: (559) 437-1079
Facsimile: (559) 437-1720
E-mail: walt@whelanlawgroup.com

Attorneys for Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE, INC.), GRANT NAKAMURA, and MICHAEL SYNN

William R. Terpening, Esq. (NC Bar No. 36418)
TERPENING LAW PLLC
5950 Fairview Road, Suite 28210
Telephone: (980) 265-1700
Facsimile: (80) 265-1729
E-mail: terpening@perpeninglaw.com

Attorney for Plaintiff MICHAEL TERPENING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. MICHAEL TERPENING,<br><br>Plaintiff,<br><br>vs.<br><br>SANTÉ HEALTH SYSTEM, INC.; SANTÉ HEALTH FOUNDATION; CENTRAL CALIFORNIA FACULTY MEDICAL GROUP; GRANT NAKAMURA; and MICHAEL SYNN,<br><br>Defendants. | CASE NO. 1:19-cv-01699-JLT-HBK<br><br>**AMENDMENT TO STIPULATED CONFIDENTIALITY ORDER** |

Plaintiff UNITED STATES OF AMERICA, ex. rel. MICHAEL TERPENING ("Plaintiff") and Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP, GRANT NAKAMURA and

MICHAEL SYNN ("Remaining Defendants") each referred to individually as a "Party" or collectively as the "Parties," stipulate and agree as follows:

1. PURPOSES AND LIMITATIONS

1.1 The Parties entered into a Stipulated Confidentiality Order attached hereto as Exhibit A that was signed by the Court on August 15, 2026. (Doc. 96.)

1.2 The Parties are currently subpoenaing and/or seeking documents from non-parties to this action. The Parties understand that the productions may include confidential, personnel, proprietary, copyrighted, medical, trademark, financial or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The CONFIDENTIAL information may include information that qualifies for protection under Federal Rule of Civil Procedure 26(c). Specifically, the parties have been advised this information includes at least: (1) financial information concerning third parties who are not parties to this litigation, (2) strategic business information of non-parties, (3) other confidential business information of third parties who are not parties to this litigation. For avoidance of doubt, any Protected Health Information, Patient Identifying Information, or HIPAA-governed information produced by a Non-Party shall be treated as CONFIDENTIAL under this Amendment and shall also be subject to Paragraphs 5 and 6 of the Stipulated Confidentiality Order. This CONFIDENTIAL information is subject to protection because of at least rights of privacy under Article 1, Section 1 of the California Constitution and other statutory and common law bases. Given the nature of the information described herein it is important that those protections will be addressed by a Court order, as opposed to a private agreement between the Parties.

1.3 The Parties thus hereby stipulate to and petition the Court to enter the following Amendment to Stipulated Confidentiality Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.4 This Amendment to Stipulated Confidentiality Order pertains to productions only by

third parties who are not parties to the litigation. The Stipulated Confidentiality Order pertains to parties to this litigation.

1.5 The Parties further acknowledge that this Amendment to Stipulated Confidentiality Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 "CONFIDENTIAL" Information or Items: The CONFIDENTIAL information may include information that qualifies for protection under Federal Rule of Civil Procedure 26(c). Specifically, this information includes: (1) financial information concerning third parties who are not parties to this litigation, (2) strategic information of non-parties, (3) other confidential business information of third parties who are not parties to this litigation. For avoidance of doubt, any Protected Health Information, Patient Identifying Information, or HIPAA-governed information produced by a Non-Party shall be treated as CONFIDENTIAL under this Amendment and shall also be subject to Paragraphs 5 and 6 of the Stipulated Confidentiality Order. This CONFIDENTIAL information is protected because of rights of privacy under Article 1, Section 1 of the California Constitution and other statutory and common law bases.

2.2 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.3 Designating Party: a Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 Non-Party: any natural person, partnership, corporation, association, or other legal entity not a current, remaining party to this action.

2.6 Outside Counsel of Record: attorneys who are not employees of a non-party to this action but are retained to represent or advise a non-party to this action.

2.7 Producing Party: A Non-Party that produces Disclosure or Discovery Material in this action.

2.8 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Non-Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material must be clearly so designated

before the material is disclosed or produced, unless otherwise agreed. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page, if practicable.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or within 30 calendar days after receipt of the final transcript, whichever is later.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.2: Meet and Confer: To the extent any Party has an objection to a designation, the Party will meet and confer with the Non-Party about the designation and the Party and Non-Party will

seek to resolve any objections if they can before any motion or other proceeding is commenced with the Court.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION PROCEEDINGS OR ANY OTHER MATTER

If a Party is served with a subpoena, request, court order or other process in any other litigation, proceeding or matter of any type or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the request, subpoena, court order or other process;

(b) promptly notify in writing the party who caused the request, subpoena, order or process to issue that some or all of the material covered is subject to this Confidentiality Order. Such notification shall include a copy of this Stipulated Confidentiality Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

10. MISCELLANEOUS

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3 Filing of Protected Material. Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Eastern District Local Rule 141 and/or 141.1, to the extent applicable.

11. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: Oct. 16, 2026

TERPENING LAW PLLC

By: [signature]
William Terpening
Attorneys for Plaintiff MICHAEL TERPENING

Dated: Oct. 8, 2026

WHELAN LAW AGROUP, A Professional Corporation

By: [signature]
Walter W. Whelan
Attorneys for Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE, INC.), GRANT NAKAMURA, and MICHAEL SYNN

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 19, 2026

Hon. Helena M. Barch-Kuchta
United States Magistrate Judge

**EXHIBIT A TO AMENDMENT TO STIPULATED CONFIDENTIALITY ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Amendment to Stipulated Confidentiality Order dated ______________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court in matters relating to the Amendment to Stipulated Confidentiality Order and understands that the terms of the Amendment to Stipulated Confidentiality Order obligate him/her to use materials designated as CONFIDENTIAL in accordance with the Amendment to Stipulated Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such CONFIDENTIAL Information to any other person, firm or concern.

The undersigned further understands that he/she is to retail all copies of all documents or information marked pursuant to the Amendment to Stipulated Confidentiality Order in a secure manner, and that all copies of such materials are to reman in his/her personal custody until termination of his/her participation in this lawsuit, whereupon the originals or any copies of such materials will be returned to counsel who provided him/her with such materials no later than 20 days after termination.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of ________________, 20__, at __________________________ [city], ___________________________ [state].

Name: ________________________________________

Job Title: ______________________________________

Employer: ______________________________________

Address: _______________________________________

_______________________________________

_______________________________________
Signature

# EXHIBIT A

Walter W. Whelan, Esq. (SBN 106655)
WHELAN LAW GROUP, A Professional Corporation
1827 East Fir Avenue, Suite 110
Fresno, California 93720
Telephone: (559) 437-1079
Facsimile: (559) 437-1720
E-mail: walt@whelanlawgroup.com

Attorneys for Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE, INC.), GRANT NAKAMURA, MD., and MICHAEL SYNN, MD.

William R. Terpening, Esq. (NC Bar No. 36418)
TERPENING LAW PLLC
5950 Fairview Road, Suite 28210
Telephone: (980) 265-1700
Facsimile: (980) 265-1729
E-mail: terpening@terpeninglaw.com

Attorney for Plaintiff MICHAEL TERPENING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel, MICHAEL TERPENING<br><br>Plaintiff,<br><br>v.<br><br>SANTÉ HEALTH SYSTEM, INC.; SANTÉ HEALTH FOUNDATION; CENTRAL CALIFORNIA FACULTY MEDICAL GROUP; GRANT NAKAMURA; and MICHAEL SYNN;<br><br>Defendants, | Case No.: 1:19-cv-01699-JLT-HBK<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

Plaintiff UNITED STATES OF AMERICA, ex. rel. MICHAEL TERPENING ("Plaintiff") and Defendants SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH

FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP, GRANT NAKAMURA and MICHAEL SYNN ("Remaining Defendants") each referred to individually as a "Party" or collectively as the "Parties," stipulate and agree as follows:

1. **Scope and Applicability.** Certain documents including but not limited to those containing electronically stored information relevant to the above-captioned action may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party, and non-Party individuals' health information deemed private under state and federal law. Such information is referred to herein as "Confidential Information." The Parties may, however, produce certain Confidential Information for use in the above-captioned action subject to the terms of this Stipulated Confidentiality Order ("Order"). This Order is applicable to the Parties, any additional parties joined in this above-captioned action, and any third parties subject to this Order and/or otherwise agreeing to be bound by this Order.

2. **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production. Such designation shall be made at the time that copies are furnished to a Party conducting discovery, or when such documents are otherwise disclosed. The Parties acknowledge that the Remaining Defendants hereby designate as CONFIDENTIAL all records previously disclosed to the Department of Justice ("the Government") by the Remaining Defendants in response to Civil Investigation Demands.

A Party may only designate as "CONFIDENTIAL" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) confidential information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Protected Health Information, Patient Identifying Information, or other HIPAA-governed information:

A Party may only designate as "ATTORNEYS' EYES ONLY" any document or portion of a document, and any other thing, material, testimony, or other information, that it reasonably

and in good faith believes contains proprietary, business sensitive information, trade secrets, or is of such highly competitive or commercially sensitive proprietary and non-public information that would significantly harm business advantages of the producing or designating Party and that disclosure of such information could reasonably be expected to be detrimental to the producing or designating Party's interests.

The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 30 days of receipt of the deposition transcript by so stating in writing to opposing counsel. If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Following any deposition, the Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY" until the 30-day window for designation following receipt of the transcript has passed. This automatic ATTORNEYS' EYES ONLY designation does not apply, however, on or after 15 days before trial. Confidential Information shall not lose its character because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY."

3. **Use and Designation of Confidential Information in Deposition.** Documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition and marked as deposition exhibits. The Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Order to be present during the disclosure or use of designated documents or information, whether "CONFIDENTIAL" pursuant to Paragraph 9 or "ATTORNEYS' EYES ONLY" pursuant to Paragraph 10, as applicable, are those permitted pursuant to the terms of this Order to review the information or material sought to be used. Absent an agreement between the Parties, if all

persons present at the deposition are not permitted under this Order to review the information or material sought to be used, any person not so permitted shall leave the room during the period(s) in which the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4. **Use and Designation of Confidential Information at Hearing.** In advance of a hearing in this matter, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both Parties seek to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information at the hearing. Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, at a hearing in this lawsuit or in any other proceeding, subject to the court's determination of the admissibility of the documents or information.

5. **Protected Health Information.** Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR 160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this lawsuit or who may become of record in the future of this lawsuit. Without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this action, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information

under Paragraphs 2 and 3 above. The Parties, their attorneys, and the court shall not use or disclose information marked "CONFIDENTIAL" for any purpose other than this lawsuit.

6. **Specific Provisions Concerning Disclosure of PHI.** When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this lawsuit, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

7. **Non-Waiver of Privilege.** The production of documents and information shall not constitute a waiver in this lawsuit, or any other litigation, matter or proceeding, of any privilege (including, but not limited to, the attorney-client privilege, attorney work product privilege or common defense privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. The fact of production of privileged information or documents by any producing Party in this lawsuit shall not be used as a basis for arguing that a claim of privilege of any kind has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

8. **Challenges to Confidential Information.** Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of

any document or information as "Confidential" or "Attorneys' Eyes Only," the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within seven (7) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, within twenty-one (21) days of service of the written objection, the objecting Party may make a motion seeking to remove the confidentiality designation. The protection afforded by this Order shall continue until the court makes a decision on the motion. Failure of the objecting Party to file a motion within the 21-day period shall be deemed a waiver of that Party's objection to the confidentiality designation set forth in the written objection.

9. **Restrictions on Disclosure.** All Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by any Party in this lawsuit shall be subject to the following restrictions:

a. such documents, information, and things shall be used only for the purpose of this specific lawsuit and not for any other purpose whatsoever;

b. such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

c. no one except Qualified Persons identified in paragraph 11 shall be provided copies of any Confidential Information.

10. **Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** All Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this lawsuit shall be subject to the following restrictions:

a. such documents, information and things shall be used only for the purpose of this lawsuit and not for any other purpose whatsoever, including but not limited to any business purpose;

b. such documents, information and things shall not be shown or communicated to anyone other than Qualified Persons identified in paragraphs 11(a), 11(b), 11(c), 11(f), 11(h), and 11(i) below, which persons receiving Confidential Information designated as Attorneys' Eyes

Only shall not make further disclosure to anyone except as allowed by this Order;

c. such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 11(a), 11(b), 11(c) 11(f), 11(h), and 11(i) and only working copies shall be made of such documents; and

d. no one except Qualified Persons identified in paragraphs 11(a) 11(b), 11(c), 11(f), 11(h), and 11(i) shall be provided copies of any Confidential Information designated as Attorneys' Eyes Only.

11. **Qualified Persons.** "Qualified Persons" means:

a. the court presiding over this action, any judge with jurisdiction over any appeal of this action, including any authorized personnel of such court, and any mediator selected or agreed-upon by the Parties or assigned in connection with this action;

b. counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel);

c. in-house counsel for the Party who is responsible for overseeing and managing this lawsuit on behalf of the Party, whose access to Confidential Information is necessary for the purposes of preparation, discovery, hearings, mediation, appeal, settlement or administration of this lawsuit;

d. any present employee of a named Party to this lawsuit whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings for this lawsuit;

e. clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this lawsuit;

f. any past employee of a named Party to this lawsuit whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings for this lawsuit who executed attached Exhibit A;

g. third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses whose access to Confidential Information is necessary for purposes of preparation, discovery, settlement discussions, and hearings who executed attached Exhibit A;

h. court reporters and/or video equipment operators at deposition or hearing who executed attached Exhibit A;

i. witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation who executed attached Exhibit A; or

j. any other person by order after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further order who executed attached Exhibit A.

12. **Acknowledgment.** Any Qualified Person identified in Paragraph 11 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 11(a) - 11(e)) shall first be required to agree in writing to be bound by the terms of this Order in the attached Exhibit A. As to each person to whom any information contained in the Confidential Information is disclosed pursuant to the Order, such information may be used only for purposes of this lawsuit and may not be used for any other purpose.

13. **Subpoena or Other Demand for Production.** If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Party receiving the request for such materials shall: (a) within a reasonable time, no later than ten (10) days after counsel's receipt of such request or demand and prior to responding to the request or demand, notify counsel for the Party whose material is sought, in writing and by providing a copy of the request, subpoena or demand; (b) provide a reasonable time for the Party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested material; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested material without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so. The Parties must also otherwise comply with any applicable HIPAA rules or regulations with respect to any response or production in connection with a discovery request or subpoena.

14. **Conclusion of the lawsuit.** Upon conclusion of the lawsuit by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained Confidential Information or information claimed to be confidential shall either (1) assemble and return to the producing party all Confidential Information; or (2) destroy all such materials and notify the producing party that the destruction has been completed. No originals or copies of any

such Confidential Information will be retained by any person or entity to whom disclosure was made.

15. **Inadvertent Production Or Disclosure Of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" legend, or Attorneys' Eyes Only information, without the required or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Order, subject to the provisions in paragraph 8 regarding any challenges.

16. The restrictions and terms set forth in this Order shall not apply to documents or information, regardless of their designation, that are publicly available or that are obtained independently and under rightful means by the receiving Party.

17. This Order does not waive or prejudice the right of any Party or non-party to apply to the court of competent jurisdiction for any other or further relief or to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, and/or object to the admission of evidence at any hearing on any ground.

18. Entering into, agreeing to, and/or complying with the terms of the Order shall not operate as an admission by any Party that any particular document, testimony of information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information.

19. This Order may be modified or amended by order upon good cause shown. No oral waivers of the terms of this Order shall be permitted between the Parties.

20. **Future Orders.** Nothing in this Order shall prohibit the Parties from seeking an

order regarding the production or protection of documents referenced herein or other materials in the future.

**STIPULATED AND AGREED:**

DATED: June 12, 2026

TERPENING LAW PLLC

By William R. Terpening, Attorney for Plaintiff MICHAEL TERPENING

DATED: June 11, 2026

WHELAN LAW GROUP,
A Professional Corporation

By Walter W. Whelan, Attorney for Remaining Defendants, SANTÉ HEALTH SYSTEM, INC., SANTÉ HEALTH FOUNDATION, CENTRAL CALIFORNIA FACULTY MEDICAL GROUP (a.k.a. INSPIRE), GRANT NAKAMURA, M.D., and MICHAEL SYNN, M.D.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2026.

Helena M. Barch-Kuchta,
U.S. Magistrate Judge

# EXHIBIT "A"

**EXHIBIT A TO STIPULATED CONFIDENTIALITY ORDER ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Order dated ______________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the court in matters relating to the Stipulated Confidentiality Order and understands that the terms of the Stipulated Confidentiality Order obligate him/her to use materials designated as Confidential in accordance with the Stipulated Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned further understands that he/she is to retain all copies of all documents or information marked pursuant to the Stipulated Confidentiality Order in a secure manner, and that all copies of such materials are to remain in his/her personal custody until termination of his/her participation in this lawsuit, whereupon the originals or any copies of such materials will be returned to counsel who provided him/her with such materials no later than 30 days after termination.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of __________________, 20__, at ______________________[city], ______________________[state].

Dated: ______________________

Name: ______________________

Job Title: ______________________

Employer: ______________________

Address: ______________________

______________________

______________________

Signature