UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA *ex rel*., MICHAEL TERPENING,

Plaintiff,

v.

SANTE HEALTH SYSTEM, INC., SANTE HEALTH FOUNDATION, CENTRAL CALIFORNA FACULTY MEDICAL GROUP, GRANT NAKAMURA, and MICHAEL SYNN,

Defendants,

Case No. 1:19-cv-01699-JLT-HBK

ORDER MEMORIALIZING RULINGS AT DISCOVERY DISPUTE HEARING

On October 19, 2026, the Court held an informal discovery dispute hearing in this action with Relator Michael Terpening ("Relator") and Defendants Santé Health System, Inc., Santé Health Foundation, Central California Faculty Medical Group ("CCFMG"), Grant Nakamura, M.D. and Michael Synn, M.D (collectively, "Remaining Defendants"). (Doc. 101). The Court considered the parties' respective submissions and oral arguments regarding the alleged spoilation of text messages by the Remaining Defendants or their vendor, Online Security, and Relator's request for sanctions and a halt to the current deposition schedule.

The present record indicates that: (a) Online Security collected text messages from certain Santé and CCFMG custodians, but, except for Joyce Fields-Keene messages bearing Bates numbers CCFMG 0064377-CCFMG 0064667, those messages are no longer available in the parties' or vendor's files;[1] (b) the source phones were not preserved; and (c) the parties dispute whether reasonable preservation measures were taken once litigation was reasonably foreseeable. Further factual development is necessary before the Court can determine whether sanctions under Federal Rule of Civil Procedure 37(e) are warranted, including as to the duty to preserve, preservation efforts, prejudice, and any intent to deprive Relator of the information's use in this litigation. The Court therefore directed targeted discovery on the spoilation issue.

Approximately 1.2 million pages of Department of Justice documents have been produced to Relator. A subpoena to Fresno Community Hospital and Medical Center ("CMC") was issued on October 1, 2026, no subpoena has been served on Physician Network Advantage ("PNA"). Productions from PNA and CMC were expected following entry of an amended confidentially order, which the Court entered the day it was submitted. Given the substantial document production already available to Relator and avoid undue delay, the Court declined to stay all scheduled depositions.

Accordingly, IT IS ORDERED:

1. Within 21 days of this Order, if not already done so, the Remaining Defendants shall serve a sworn declaration from a knowledgeable custodian of electronically stored information or other qualified representative detailing: (a) their text message and mobile device preservation policies and practices for the relevant custodians; and (b) Online Security's collection, handling, and loss of the text-message data.
2. Within 35 days of this Order, unless a date has already been set, the Remaining Defendants shall produce a witness under Rule 30(b)(6) to testify concerning: (a) preservation and collection of text messages and mobile devices; (b) communications and engagements with Oline Security concerning text messages; and (c) the current

[1] Defense counsel reported that Charlie Balot recently indicated that the text messages may be stored on a hard drive. Mr. Balot spoke with counsel while hospitalized following surgery.

status of any test-message data or backups that may exist.

3. The parties may jointly seek a subpoena to Online Security or its records custodian for non-privileged information concerning the collections and retention of text messages.
4. Relator may move for sanctions under Rule 37(e) within 30 days after completion of this targeted discovery authorized above. Any such motion shall specifically address the duty to preserve, alleged prejudice, and any evidence of intent to deprive Relator of the information's use in this litigation.
5. The deadlines governing spoilation-related discovery and any resulting sanctions motion may be modified by stipulation of the parties. Alternatively, any party may move for leave of Court to modify those deadlines.
6. Realtor's request to halt all depositions as a spoilation sanction, is DENIED without prejudice to targeted remedial measures upon further development of the record.
7. Relator's request to postpone the Joslin and Roggenstein depositions and other scheduled deposition pending production of PNA and CMC records is DENIED.
8. Upon receipt of the PNA and CMC records, the parties may stipulate to limited follow-up depositions of Joslin and Roggenstein concerning newly produced records, without further leave of Court. Absent agreement, Relator may seek leave to conduct such depositions which shall be granted upon showing of good cause. Any authorized follow-up deposition shall not exceed 4 hours per witness absent further order.
9. These rulings rest on the information and arguments presented at the informal discovery conference and are without prejudice to any party's right to challenge them by a properly supported motion, as appropriate.

Dated: October 29, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE